# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN RODRIGUEZ,<br><br>Plaintiff<br><br>v.<br><br>C. CROW, et. al.,<br><br>Defendants | Case No.: 3:20-cv-00166-RCJ-WGC<br><br>**Order** |

Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), housed at Ely State Prison (ESP). He filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-

month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application and financial certificate or pay the full $400 filing fee.

Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court has taken a preliminary review of Plaintiff's complaint. He alleges that defendants Detectives C. Crow and D. Allen of the Reno Police Department violated his right to an attorney under *Miranda v. Arizona*.

The failure to administer *Miranda* warnings is not itself a violation of the Fifth Amendment. *See New York v. Quarles*, 467 U.S. 649, 654 (1983) (quoting *Michigan v. Tucker,* 417 U.S. 433, 444 (1974) ("The prophylactic Miranda warnings therefore are 'not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected.'") "Requiring Miranda warnings before custodial interrogation provides 'practical reinforcement' for the Fifth Amendment right." *Id.* (citing *Tucker,* 417 U.S. at 444). In fact, in *Miranda* the Court disclaimed any intent to create a "constitutional straightjacket" and invited Congress and the States to suggest "potential alternatives for protecting the privilege" against self- incrimination. *Miranda v. Arizona*, 384 U.S. 436, 467 (1966). *Miranda* simply prevents the use of statements by a defendant while in custody against him in a criminal case, unless he was informed of his *Miranda* rights and waived them. In the event there is a violation of *Miranda*, the criminal defendants remedy is to move to suppress the statements in the criminal case. There is no relief available via section 1983.

As such, it is likely that Plaintiff's complaint will be dismissed with prejudice. If Plaintiff decides to go forward with filing his IFP application and financial certificate and the action is dismissed, Plaintiff is still responsible for paying the filing fee over time. Alternatively, if Plaintiff pays the $400 filing fee, and his action is dismissed, the $400 will not be refunded. Therefore, Plaintiff may either decide to proceed with this action by filing his IFP application and financial certificate or paying the filing fee; or, he may notify the court of his intent to voluntarily withdraw the action.

If Plaintiff fails to timely file a completed IFP application and financial certificate or pay the filing fee, this action will be dismissed.

**IT IS SO ORDERED**.

Dated: March 26, 2020

*William G. Cobb*
William G. Cobb
United States Magistrate Judge