# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN RODRIGUEZ, | Case No.: 3:20-cv-00166-RCJ-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF Nos. 1-1, 11 |
| C. CROW, <br> D. ALLEN, | |
| Defendants | |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 11) and pro se complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $0 and his average monthly deposits were $147.50.

Plaintiff's application to proceed IFP should be granted. Plaintiff should be required to pay an initial partial filing fee in the amount of $29.50 (20 percent of $147.50). Thereafter,

whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

### A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

**1. Allegations**

Plaintiff names Detectives C. Crow and D. Allen of the Reno Police Department as defendants. He alleges that they deprived him of his right to due process as well as equal protection of the laws. He claims that Defendants ignored *Miranda v. Arizona*. He asserts that he

1  was arrested and chained to a table at the Reno Police Department and the detectives ignored his
2  request for counsel and continued to question him after he had demanded an attorney. He seeks
3  compensatory and punitive damages, and also asks to have his sentence vacated as a result of the
4  alleged constitutional violations.

**2. Plaintiff's Request to Have His Sentence Vacated**

Preliminarily, to the extent Plaintiff asks to have his sentence vacated, such relief is only available through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact of or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus."). Therefore, insofar as Plaintiff attempts to have his sentence vacated as a result of the alleged constitutional violations, the claims should be dismissed without prejudice. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997).

The court will now examine his allegations to the extent he seeks monetary damages.

**3. The Fifth Amendment**

The Fifth Amendment provides: "No person … shall be compelled in any criminal case to be a witness against himself…." U.S. Const. amend. V. This right against self-incrimination was addressed by the United States Supreme Court in *Miranda v. Arizona*, 384 U.S. 436 (1966) and held: "The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards to secure the privilege against self-incrimination." *Miranda*, 384 U.S. at 444.

A plaintiff may proceed with a Fifth Amendment claim asserting a violation of *Miranda* if the "allegedly coerced statements were used against the suspect in a criminal case." *Stoot v. Everett*, 582 F.3d 910, 923 (9th Cir. 2009) (citing *Chavez v. Martinez*, 538 U.S. 760 (2003) (plurality opinion of Thomas, J. at 773, Souter, J., at 779, Stevens, J. at 787, and Kennedy, J., at 799). "A coerced statement has been 'used' in a criminal case when it has been relied upon to file formal charges against the declarant, to determine judicially that the prosecution may proceed, and to determined pretrial custody status." *Stoot*, 582 F.3d at 925. If an alleged coerced statement is used at trial, it is of course "used" against the suspect in the criminal case, but "[u]se of the statement at trial is not necessary to assert a claim for violation of the Fifth Amendment." *Id.*

Plaintiff does not allege whether the allegedly coerced statements were used against him in the criminal proceeding; therefore, this claim will be dismissed with leave to amend.

**4. Fourteenth Amendment Substantive Due Process**

*Chavez* specifically held that allegations of coercive interrogation can be brought as a substantive due process claim under the Fourteenth Amendment. *See Chavez*, 538 U.S. at 733 (plurality opinion of Thomas, J.), 779 (Souter, J.), 787 (Stevens, J.), 799 (Kennedy, J.)). "The standard for showing a Fourteenth Amendment substantive due process violation, however, is quite demanding." *Stoot*, 582 F.3d at 928 (noting the reference in *Chavez* to "police torture or other abuse" and Justice Kennedy's reference to "torture or its close equivalents"). "'[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense' and therefore a violation of substantive due process." *Id.* (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). "[A] Fourteenth Amendment claim of this type is cognizable only if the alleged abuse of power 'shocks the conscience' and 'violates the decencies of civilized conduct.'" *Id.* (quoting *Lewis*, 523 U.S. at 846). In *Stoot*, the court concluded that interrogation

6

techniques that allegedly involved improper promises and threats to a child fell short of what is required for a substantive due process claim based on coercive interrogation. *Id.* at 929.

Plaintiff has not included allegations that the interrogation amounted to "torture or its equivalents." Therefore, to the extent he seeks to assert a substantive due process claim, that claim should be dismissed with leave to amend.

### 5. Equal Protection

Plaintiff makes reference to equal protection of the laws.

The Fourteenth Amendment prohibits the denial of "the equal protection of the laws." U.S. Const. amend XIV, § 1. It "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).

To establish a violation of the Equal Protection Clause, the prisoner must present evidence an intent to discriminate against the plaintiff based upon his membership in a protected class. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976).

Where state action does not implicate a protected class, as is the case here, a plaintiff can establish a "'class of one" equal protection claim by demonstrating that he or she "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004), *overruled on other grounds by Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008).

Plaintiff includes no allegations to support an equal protection claim. He does not allege that he was intentionally treated differently because of his membership in a protected class. Nor

does he allege a "class of one" equal protection claim. Therefore, the equal protection claim will be dismissed; however, the dismissal is with leave to amend.

**6.** *Heck*

It is not clear at this point that the alleged constitutional violations would necessarily imply the invalidity of Plaintiff's conviction or sentence. Therefore, dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994) is not appropriate at this juncture.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) Plaintiff's IFP application (ECF No. 11) should be **GRANTED**; however, within **30 DAYS** of the date of any order adopting this Report and Recommendation, Plaintiff should be required to pay, through NDOC, an initial partial filing fee in the amount of $29.50. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The Clerk should be instructed to **FILE** the complaint (ECF No. 1-1).

(3) To the extent Plaintiff asks for his sentence to be vacated as a result of the alleged constitutional violations, the claims should be **DISMISSED WITHOUT PREJUDICE.** The remainder of the Complaint should be **DISMISSED WITH LEAVE TO AMEND**.

(4) Plaintiff should be given **30 DAYS** from the date of any order adopting this Report and Recommendation to file an amended complaint correcting the deficiencies noted

above. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the 30 days, the action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 24, 2020

                                                                                    William G. Cobb
                                                                                    United States Magistrate Judge