UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN RODRIGUEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>C. CROW, and D. ALLEN,<br><br>            Defendants. | Case No.  3:20-CV-00166-RCJ-CSD<br><br>**ORDER** |

On September 21, 2020, the Court issued an Order (ECF No. 14) directing Plaintiff Christian Rodriguez to file an amended complaint and pay through NDOC, an initial partial filing fee in the amount of $29.50 within thirty (30) days from the date of that order.  The thirty-day period has now expired, and Plaintiff Christian Rodriguez has not filed an amended complaint, paid the partial filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal

for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff Christian Rodriguez to file an amended complaint within thirty (30) days expressly stated: "If Plaintiff fails to file an amended Complaint within 30 days from entry of this order of the action shall be dismissed." Thus, Plaintiff Christian Rodriguez had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint and pay an initial partial filing fee in the amount of $29.50 within thirty (30) days.

///

///

///

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** based on Plaintiff Christian Rodriguez's failure to file an amended complaint and pay the initial partial filing fee in compliance with this Court's order dated September 21, 2020.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close the case.

DATED: May 19, 2022.

_____
UNITED STATES DISTRICT JUDGE